UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

**LARRY WAYNE WEATHERS**                                                      **PLAINTIFF**

**v.**                                    **CIVIL ACTION NO. 3:24-CV-P43-JHM**

**MARION COUNTY DETENTION CENTER**                        **DEFENDANT**

### MEMORANDUM OPINION AND ORDER

Plaintiff Larry Wayne Weathers, a pretrial detainee proceeding *pro se*, initiated this 42 U.S.C. § 1983 action. The complaint is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 604 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the following reasons, this action will be dismissed.

### I. STATEMENT OF CLAIMS

Plaintiff, a pretrial detainee at the Marion County Detention Center (MCDC), sues MCDC. He alleges that MCDC:

> acting under color of state law deprived under the [U.S. Constitution] 5th Amendment Double Jeopardy monies taken out for past false imprisonment namely back in 1994 a federal judge stated the Commonwealth raised the number of blue jeans from a misdermeanor to a felony and facilitated Plaintiff's conviction as a persistent felony offender: Double U.S. compensation law still pending. See Open Records Act in 1994 as exhibit proof proving 5th Amendment double jeopardy violations still pending.

Plaintiff further states that he has a right to an attorney, citing to Ky. Rev. Stat. § 202A.121. He also states that this Court "needs to appoint attorney on this action per 14th Amendment due process equal protection of the law." He asserts that it was "federal court failure to train that what led to these deprevations against" the Constitution. Finally, he asserts "Double Jeopardy 5th Amendment violation life locked up liberty monies taken illegally!"

As relief, Plaintiff requests compensatory and punitive damages and for the Court to "grant injunctive relief by U.S. compensation laws."

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the Court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1) and (2). When determining whether a plaintiff has stated a claim upon which relief may be granted, the Court must construe the complaint in a light most favorable to the plaintiff and accept all the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. Request for appointment of counsel

First, the Court considers Plaintiff's assertion that he has a right to an attorney under Ky. Rev. Stat. § 202A.121 and that this Court "needs to appoint attorney on this action per 14th

Amendment due process equal protection of the law."

The Kentucky statute cited by Plaintiff, Ky. Rev. Stat. § 202A.121, provides a statutory right to appointed counsel for persons taken into custody and transported to a hospital or psychiatric facility upon belief that the individual is mentally ill and poses a danger to himself or others under Ky. Rev. Stat. § 202A.041. Plaintiff does not allege that he has been taken into custody pursuant to Ky. Rev. Stat. § 202A.041.[1] Nor does this state statute govern proceedings in this federal court.

Contrary to Plaintiff's assertion, the appointment of counsel is not a constitutional right in a federal civil case. *Lavado v. Keohane*, 992 F.2d 601, 605 (6th Cir. 1993). Under 28 U.S.C. § 1915(e)(1),[2] court-enlisted assistance of counsel is not mandatory but merely a matter of discretion. *See, e.g.*, *Childs v. Pellegrin*, 822 F.2d 1382, 1384 (6th Cir. 1987) ("'[T]he appointment of counsel in a civil case is, as is the privilege of proceeding *in forma pauperis*, a matter within the discretion of the court. It is a privilege and not a right.'") (quoting *United States v. Madden*, 352 F.2d 792, 793 (9th Cir. 1965)). "'It is a privilege that is justified only by exceptional circumstances.'" *Lavado*, 992 F.2d at 606 (quoting *Wahl v. McIver*, 773 F.2d 1169, 1174 (11th Cir. 1985)). "In determining whether 'exceptional circumstances' exist, courts have examined 'the type of case and the abilities of the plaintiff to represent himself.' This generally involves a determination of the 'complexity of the factual and legal issues involved.'" *Lavado*, 992 F.2d at 606 (citations omitted).

---

[1] The Court notes that in a later filing, Plaintiff identifies himself as an "out-patient from Eastern State Hospital" (DN 8). The Court takes judicial notice that Eastern State Hospital in Lexington, Kentucky, is a state-owned psychiatric hospital.

[2] Section 1915(e)(1) provides that "[t]he court *may* request an attorney to represent any person unable to afford counsel." (emphasis added).

The Court finds that the complexity of the issues in this case does not necessitate the appointment of counsel. Moreover, Plaintiff does not show how his circumstances are different than other incarcerated plaintiffs. *See, e.g.*, *Stewart v. United States*, No. 2:13-cv-02896-STA-egb, 2017 WL 939197, at *1 n.1 (W.D. Tenn. Mar. 7, 2017) (finding appointed counsel not warranted "on grounds that the issues in the case are 'too complex for him' and that he has 'extremely limited access to the law library,' is 'mentally ill,' 'does not have an education,' and has 'a limited knowledge of the law'. . . . Nothing distinguishes this case from the numerous other petitions filed by indigent prisoners"); *Coates v. Kafczynski*, No. 2:05-CV-3, 2006 WL 416244, at *1 (W.D. Mich. Feb. 22, 2006) ("[T]here is nothing exceptional concerning [a prisoner's] incarceration or poverty that extraordinarily debilitates his ability to investigate crucial facts. These are ordinary and routine impediments incident to prisoner litigation."). For these reasons, the Court finds that Plaintiff has not set forth any exceptional circumstances warranting appointment of counsel at this time. Accordingly,

**IT IS ORDERED** that Plaintiff's request for appointed counsel (DN 1) is **DENIED**.

### B. MCDC

The only Defendant Plaintiff names is MCDC. MCDC is not an entity subject to suit under § 1983 because municipal departments, such as jails, are not suable under § 1983. *See Marbry v. Corr. Med. Servs.*, No. 99-6706, 2000 WL 1720959 at *2 (6th Cir. Nov. 6, 2000). In this situation, Marion County is the proper Defendant. *See Smallwood v. Jefferson Cnty. Gov't*, 743 F. Supp. 502, 503 (W.D. Ky. 1990). When a § 1983 claim is made against a municipality such as Marion County, the Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). A municipality cannot be held

responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional deprivation. *Monell v. N.Y.C. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Here, Plaintiff does not allege that any alleged constitutional violation was the result of a custom or policy implemented or endorsed by Marion County. Thus, the complaint is subject to dismissal for failure to state a claim upon which relief may be granted.

"Although a district court may allow a plaintiff to amend his complaint before entering a sua sponte dismissal, it is not required to do so, *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), and leave to amend should be denied if the amendment would be futile." *Bishawi v. Ne. Ohio Corr. Ctr.*, 628 F. App'x 339, 347 (6th Cir. 2014). Here, the Court finds that granting leave to amend to name other Defendants or to allege a Marion County policy or custom is not warranted.

Plaintiff's allegations that MCDC acted under color of state law "deprived under . . . 5th Amendment Double Jeopardy monies taken out for past false imprisonment namely back in 1994 a federal judge stated the Commonwealth raised the number of blue jeans from a misdermeanor to a felony and facilitated Plaintiff's conviction as a persistent felony offender" are confusing, to say the least. Plaintiff's additional statements – "Double U.S. compensation law still pending. See Open Records Act in 1994 as exhibit proof proving 5th Amendment double jeopardy violations still pending" – do not offer any clarification. Nor did Plaintiff attach an exhibit related to a 1994 Open Records Act request.[3]

After filing his complaint, Plaintiff filed as an exhibit (DN 8) a copy of this Court's Order granting Plaintiff's motion to proceed *in forma pauperis* and assessing an initial partial filing fee containing handwritten notes, the purpose of which is not clear. For example, one note states,

---

[3] Plaintiff does attach as an exhibit a copy of a December 2023 disciplinary report which reported Plaintiff's use of abusive, vulgar, obscene or threatening language in relation to an argument with his cellmate. This document appears to have no bearing on the instant action.

"status out-patient from Eastern State Hospital – Drove 420 US At/80 Everything illegal – motion to dispence."

Plaintiff does not explain what he means by "Double U.S. compensation law," and to the extent that Plaintiff believes he is being charged twice for "monies taken out for past false imprisonment" or by this Court's assessment of the filing fee, Plaintiff does not state a double jeopardy claim. "The Double Jeopardy Clause provides that no person shall 'be subject for the same offence to be twice put in jeopardy of life or limb.'" *Butler v. Haslam*, No. 3:19-CV-00416, 2019 WL 2327523, at *7 (M.D. Tenn. May 30, 2019) (quoting U.S. Const., amend. V) (citing *United States v. Dixon*, 509 U.S. 688, 695–96 (1993). Assessment of fees does not put Plaintiff at risk of "life or limb."

To the extent that Plaintiff claims that having been adjudged a persistent felony offender will affect the length of his sentence on whatever charges he is currently being held as a pretrial detainee in MCDC, the Court would abstain from adjudicating that issue in deference to the ongoing state criminal proceedings under the *Younger* abstention doctrine. *Younger v. Harris*, 401 U.S. 37 (1971); *Tindall v. Wayne Cnty. Friend of the Court*, 269 F.3d 533, 538 (6th Cir. 2001).

And to the extent that Plaintiff wishes to raise a double jeopardy claim related to a 1994 criminal case, such claim would be barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, none of which Plaintiff alleges. *See, e.g.*, *Jackson v. Allen*, No. 123CV01096S, 2023 WL 5055522, at *2 (W.D. Tenn. Aug. 8, 2023).

Finally, there is no need to allow Plaintiff to amend to name which federal court's alleged "failure to train" led to constitutional violations because to do so would be futile. *See, e.g.*, *Irvin*

6

*v. Campbell*, No. 3:14-CV-0360, 2014 WL 576332, at *3 (M.D. Tenn. Feb. 12, 2014) (holding claims against federal district court would be barred by sovereign and judicial immunity); *Makere v. Fitzpatrick*, No. 4:22CV00315, 2022 WL 17178753, at *5 (N.D. Fla. Nov. 8, 2022) ("Plaintiff cannot maintain an action against Defendant U.S. District Court . . . because . . . sovereign immunity . . . prevents litigants from suing the United States, or any of its agencies, unless it has waived sovereign immunity.") (citing *FDIC v. Meyer*, 510 U.S. 471, 475 (1994); *Kight v. U.S. Dist. Court, N. Dist. of Ga.*, 681 F. App'x 882, 883-84 (11th Cir. 2017)), *report and recommendation adopted*, 2022 WL 17178700 (N.D. Fla. Nov. 23, 2022).

### III. CONCLUSION

For the foregoing reasons, the Court will, by separate Order, dismiss this action.

Date: May 11, 2024

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc: Plaintiff, *pro se*
4414.009

7